UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIM THOMAS,

    Plaintiff,

v.                                        CASE No. 8:08-CV-2052-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claim for Social Security disability benefits.[1] Because the decision of the Commissioner of Social Security fails to address whether the plaintiff's periods of exacerbation of pain precluded her from engaging in substantial gainful activity, the decision will be reversed and the matter remanded for further proceedings.

## I.

The plaintiff, who was forty-nine years old at the time her insured status expired and who has some college education, has worked as a

---

[1]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 10).

licensed practical nurse, medical secretary, office nurse, and parent advocate (Tr. 65, 70, 80, 634-35). She filed a claim for Social Security disability benefits, alleging that she became disabled due to disc herniation at C6-7, disc bulging at C5-6, disc bulging at L4-5, disc bulging at L5-S1, temporomandibular joint dysfunction, fibromyalgia and myofascial pain (Tr. 64). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge (Tr. 303). He concluded that the plaintiff had severe impairments which limited her to performing light work with only occasional climbing, balancing, stooping, kneeling, crouching or crawling (Tr. 308). Based on the testimony of a vocational expert, the law judge determined that the plaintiff could perform work as a survey worker, office helper or storage facility rental clerk (id.). Therefore, the law judge found that she was not disabled as of the date last insured. However, upon the plaintiff's request for review, the Appeals Council remanded the case because the law judge's decision did not contain "appropriate rationale with specific references to evidence of record in support of the assessed limitations" (Tr. 314).

The same law judge subsequently conducted another hearing (Tr. 609). Following that hearing, the law judge issued a new decision finding that, through the date last insured, the plaintiff's severe impairments consisted of degenerative disc disease of the cervical and lumbar spines and fibromyalgia (Tr. 21).[2] The law judge concluded that these impairments restricted the plaintiff to performing light work which required only occasional stooping, crouching, bending, kneeling, crawling and climbing stairs (Tr. 23). Additionally, he stated that the plaintiff had to avoid unprotected heights and climbing vertical ladders, ropes and scaffolds (id.). Based upon the testimony of a vocational expert, the law judge determined that, despite the plaintiff's limitations, she could return to past work as an office nurse, parent advocate or medical secretary (Tr. 26). The plaintiff was therefore found not disabled as of the date last insured (id.). The Appeals Council let this decision of the law judge stand as the final decision of the Commissioner.

---

[2]The law judge found that the plaintiff's insured status expired on March 31, 2005 (Tr. 20).

## II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A). The plaintiff must also show that she became disabled before her insured status expired on March 31, 2005, in order to receive disability benefits. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales,

402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper

legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff alleges that she became disabled in 2001 when the vehicle she was driving was rear-ended in an automobile accident (Tr. 617). The law judge found that the plaintiff had severe impairments of disc disease of the spine and fibromyalgia that substantially limited her residual functional capacity, but that she was not totally disabled during the insured period. The plaintiff raises many issues in challenging the law judge's decision. One of those arguments is meritorious.

The plaintiff asserts an issue under the inapt heading, "[t]he ALJ erred by not giving controlling weight to the opinion of Dr. Goodman, plaintiff's treating physician and his reasons for rejecting h[is] opinion were inadequate" (Doc. 20, p. 16). The thrust of the argument is that the law judge failed to address whether the plaintiff's periods of exacerbation of pain precluded her from performing substantial gainful activity.

In finding that the plaintiff could perform a restricted range of light work, the law judge stated that, "[w]hile the claimant's pain may have had periods of exacerbation that limited her functioning more significantly,

these periods did not persist to meet the durational requirements for disability" (Tr. 26). In other words, the law judge found that the plaintiff had periods of exacerbation of her pain, but that those periods were not material because they did not last for twelve months. There is no basis in the law for this analysis.

A disability under the Social Security regulations is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...." 42 U.S.C. 423(d)(1)(A). Thus, the durational requirement pertains to the length of time a disabling impairment is present. There is nothing in the statute or regulations that indicates that, if a claimant had impairments that lasted for twelve months or more and that she had flare-ups during that period, the flare-ups are to be disregarded unless they lasted for twelve months or more. Significantly, the Commissioner has not provided any support for such a notion since he did not even address this contention in his memorandum (see Doc. 21). The law judge erred therefore in thinking that he could disregard the plaintiff's flare-ups simply because they did not last for at least twelve months.

In this case, the plaintiff was diagnosed with fibromyalgia in 2003 (see Tr. 203), and the plaintiff's cervical spine disc herniation and disc bulges in the cervical and lumbar spines were identified in 2001 (Tr. 175, 176). Further, the law judge found that the plaintiff's fibromyalgia and degenerative disc disease existed "[t]hrough the date last insured" (Tr. 21). Consequently, the law judge found that the plaintiff suffered from fibromyalgia and degenerative disc disease for a continuous period of more than twelve months.

Furthermore, the law judge not only found that these impairments limited the plaintiff to a restricted range of light work, but also that "the claimant's pain may have had periods of exacerbation that limited her functioning more significantly" (Tr. 26). This latter finding requires the law judge to assess the effect of the periods of exacerbation upon her ability to work. The regulations specifically provide that allegations of pain are to be evaluated with respect to the "duration, frequency, and intensity of [the] pain." 20 C.F.R. 404.1529(c)(3)(ii).

Moreover, substantial gainful activity contemplates employment on a regular basis. See 20 C.F.R. 404.1545(b) (residual functional capacity for work on a regular and continuing basis). Therefore, an individual who is

frequently absent from work due to periods of exacerbation of pain may be unable to engage in substantial gainful activity. Watson v. Barnhart, 288 F.3d 212, 217 (5th Cir. 2002)("a determination that a person is capable of engaging in substantial gainful activity depends on a finding not only that the individual has some chance of being hired, but also, that, taking account of the individual's exertional and non-exertional limitations, the individual has a reasonable chance, 'once hired, of keeping the job.'"); Dix v. Sullivan, 900 F.2d 135 (8th Cir. 1990). Consequently, when a claimant has an impairment that causes periods of exacerbation, findings regarding their duration, frequency and intensity are necessary in order to determine whether these periods would preclude work on a regular basis. See Wilcox v. Sullivan, 917 F.2d 272, 277 (6th Cir. 1990)(in evaluating episodic disease, consideration should be given to, among other concerns, the frequency and duration of the exacerbations).

The law judge did not undertake this inquiry, erroneously thinking that the plaintiff's periods of exacerbation of pain could be disregarded because they "did not persist to meet the durational requirements for disability" (Tr. 26). No other explanation was provided for discounting

the plaintiff's periods of exacerbation. Under the circumstances, the law judge's erroneous analysis warrants a remand.

As indicated, the plaintiff asserted other challenges to the law judge's decision. In light of the need for a remand, it is unnecessary to address the plaintiff's other challenges, many of which are undeveloped and do not appear meritorious. Nevertheless, the Commissioner would be well advised to address on remand limitations on reaching and the plaintiff's alleged side effects of medication in order to foreclose in the future any contention that those problems were not adequately considered.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby REVERSED and the matter REMANDED for further consideration. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 7th day of December, 2009.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE